IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV68-1-MU

STEVE ALLEN SPROUSE,       )
                           )
    Petitioner,             )
                           )
v.                         )       **O R D E R**
                           )
DAVID MITCHELL,            )
                           )
    Respondent.             )
_____)

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment, filed April 22, 2005.

Upon a review of the record, the arguments, and applicable authorities, the Court finds that Respondent's motion for summary judgment should be <u>granted</u> and Petitioner's § 2254 petition for writ of habeas corpus should be <u>dismissed</u>.

**PROCEDURAL BACKGROUND**

On September 25, 2000, Petitioner was convicted in the Superior Court of Henderson County, after a trial by jury, of felonious breaking and entering. Petitioner's counsel stipulated to Petitioner's habitual felon status and Petitioner was sentenced to 135 to 171 months imprisonment. On March 19, 2002, the North Carolina Court of Appeals issued an unpublished opinion finding no error. On December 2, 2002, Petitioner filed a Motion for Appropriate Relief (MAR) in the Superior Court of Henderson County. Petitioner's MAR was denied on January 31, 2003. Petitioner dated a certiorari petition May 19, 2003, and filed it in the North Carolina

Court of Appeals on May 27, 2003. On June 13, 2003, the court of appeals remanded the case for correction of Petitioner's prior record level. On July 9, 2003, Petitioner was resentenced to 90 to 117 months imprisonment with 1022 days of pre-trial credit. On or about October 13, 2003, a corrected resentencing judgment was entered running Petitioner's sentence consecutively with any other sentence he was obligated to serve, removing the 1022 days pre-trial credit, and reinstating his original five days credit. Petitioner appealed his resentencing judgments to the North Carolina Court of Appeals. While this appeal was pending, on November 21, 2003, Petitioner filed a MAR with the Court of Appeals which was dismissed without prejudice to refile it through his appointed appellate counsel if appropriate. On September 9, 2004, Petitioner, through counsel, refiled his MAR. On February 1, 2005, the North Carolina Court of Appeals issued an unpublished opinion finding no error in Petitioner's resentencing proceeding and denying the MAR.

On March 21, 2005, Petitioner filed the instant federal habeas petition. In his federal habeas petition Petitioner alleges that: (1) his conviction as a habitual felon was obtained in violation of his right to trial by jury; (2) his conviction was obtained by a plea of guilty which was unlawfully induced and not made voluntarily; (3) he received ineffective assistance of counsel; and (4) the state violated his due process rights when it unilaterally altered his sentence and judgment.

## ANALYSIS

A. **APPLICABLE LAW**

The threshold inquiries for a federal court reviewing a federal habeas petition are whether the petitioner has exhausted his claims before the appropriate state courts and whether those

claims are procedurally barred. 28 U.S.C. § 2254. In order to exhaust a claim a petitioner must have fairly presented it to the state courts. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000), cert. denied, 531 U.S. 1193 (2001).

If a petitioner's claim is unexhausted, it may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. See id. However, when the procedural bar that gives rise to exhaustion provides an independent and adequate state law ground for the conviction and sentence it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice for the default. See id.

If a petitioner's claims are exhausted and not procedurally barred, the federal court must next examine whether or not the petitioner's claims were "adjudicated on the merits" by the state court. If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies. If a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits,[1] a federal court reviews the claims questions of law and mixed questions of law and fact de novo. Angelone v. Weeks, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 528 U.S. 225 (2000).

The standard of review set forth in § 2254(d) is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445,

---

[1] If the state court has not ruled on the merits of a claim because it has expressly denied a habeas petitioner's claim based upon an independent and adequate state procedural rule such claim is considered procedurally defaulted in federal court. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

455 (4th Cir. 1999). The standard of review is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001), cert. denied, 535 U.S. 1104 (2002). This deference extends to summary dismissals. See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001).

Pursuant to § 2254(d) a federal court may not grant a writ of habeas corpus unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ." Id. (internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

## B. HABITUAL FELON CONVICTION

Petitioner alleges that his habitual felon conviction was obtained in violation of his right to trial by jury. More specifically, Petitioner asserts that the trial court erred when it failed to conduct a guilty plea colloquy with regard to his habitual felon plea.

Petitioner did not raise this claim in his initial appeal. He did raise this claim in the appeal he filed after he was resentenced.[2] The appeals court, citing N.C.G.S. § 15A-1419(a)(3), held that Petitioner's habitual felon claim was procedurally barred because he had failed to raise it in his first appeal. See North Carolina v. Sprouse, 2005 N.C. App. Lexis 231 (2005). The procedural default rule of § 15A-1419(a) and (b) is an adequate and independent state ground precluding habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert. denied, 525 U.S. 1155 (1999). Consequently, Petitioner has procedurally defaulted this claim.

A petitioner may overcome a finding of procedural default by showing cause for the default and actual prejudice arising from the asserted constitutional error. See Breard v. Pruett, 134 F.3d 615, 620 (4th Cir.), cert. denied, 523 U.S. 371 (1998). Petitioner attempts to establish cause by asserting that his first appellate counsel was ineffective for failing to raise this issue on appeal. While the trial court should have conducted the normal plea colloquy before accepting Petitioner's plea to being a habitual felon,[3] Petitioner cannot establish actual prejudice. That is, the prosecutor specifically presented the three prior convictions to the state court to support a conclusion that Petitioner was a habitual felon. Petitioner does not challenge the existence of these three prior convictions or the fact that these convictions qualify him as a habitual felon. Consequently, even if his counsel had raised this issue on Petitioner's first appeal, there is no reasonable probability of a different end result. Any remand would have been a purely

---

[2] The Court is aware that Petitioner raised this claim in his first MAR and his certiorari petition. However, the last decision by a state court controls the procedural default determination. See Coleman v. Thompson, 501 U.S. 722, 735 (1991).

[3] See State v. Gilmore, 142 N.C. App. 465, 471 (2001). This case was decided after Petitioner's conviction but during the pendency of his first appeal.

ministerial act that would have had no impact on Petitioner's sentence or conviction. Because Petitioner cannot establish prejudice he cannot establish ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687-91 (1984)(if a petitioner cannot establish prejudice, a court need not consider the performance prong). Consequently, Petitioner has failed to establish cause for his procedural default.

Moreover, the failure of the superior court to conduct a colloquy with regard to Petitioner's habitual felon guilty plea was harmless error given that Petitioner does not contest that he did in fact have three predicate convictions which would qualify him as a habitual felon. See Brecht v. Abrahamson, 507 U.S. 619 (1993)(harmless error standard on federal habeas review requires trial error to have "substantial and injurious effect or influence in determining the jury's verdict" to warrant relief).

C. **INVOLUNTARY GUILTY PLEA**

Petitioner alleges that his conviction was obtained by a plea of guilty which was involuntary. More specifically, Petitioner contends that his guilty plea was involuntary because no plea colloquy was conducted with regard to his habitual felon status. Petitioner's claim is a reiteration of his first claim[4] and is denied for the reasons set forth previously.

D. **INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL**

Petitioner alleges that he received ineffective assistance of appellate counsel. More specifically he alleges that his appellate counsel was ineffective because: 1) he failed to include the photographic lineup as part of the appeal record; 2) he did not preserve his second assignment

---

[4] To the extent Petitioner's involuntary guilty plea claim is not a mere reiteration of his failure to conduct a colloquy claim, it appears that Petitioner failed to raise this claim in state court proceedings and therefore it is unexhausted and procedurally barred

of error; 3) he filed a hybrid of an Anders brief and a non-Anders brief; and 4) he failed to raise his habitual felon and involuntary guilty pleas on appeal. The Court will address each of these claims below.

**1. Identification Claim**

Petitioner alleges that his counsel was ineffective for failing to include the photographic lineup as part of the record on appeal.

Petitioner raised this issue in his 2002 MAR. (Claim 15, Pet.'s 2002 MAR). The MAR court summarily adjudicated and denied it by stating "this Court finds that the Defendant shows no valid claim for any relief . . . ." Such a summary dismissal is consider an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc), cert. denied, 534 U.S. 830 (2001). As set forth below, the state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

The established Supreme Court precedent governing ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the

wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Petitioner has not established the requisite prejudice prong. While the court of appeals observed that Petitioner's appellate counsel inexplicably failed to include the photographic lineup as part of the record on appeal, the court of appeals went on to substantively rule on his claim that the photographic lineup was impermissibly suggestive. In addition, the court of appeals ruled that the circumstances did not show that there was a substantial likelihood of irreparable misidentification. Consequently, despite Petitioner's appellate counsel's failure to include the photographic lineup as part of the record, the court of appeals was able to rule on his claim. Petitioner does not set forth why the court of appeals ruling would have been favorable to him if the lineup had been made a part of the appeals record by his counsel. Because Petitioner does not allege, much less establish, that he was prejudiced by his counsel's failure to include the photo lineup as part of the appeal record, he has failed to establish that the MAR court's ruling was contrary to or an unreasonable application of clearly established law set forth by the Supreme Court.

   2. **Failure to Preserve**

Petitioner alleges that his appellate counsel was ineffective for failing to preserve his second assignment of error. More specifically, Petitioner alleges that a claim regarding ineffective assistance of counsel for failing to seek removal of a former co-worker of the victim during jury selection was listed as an assignment of error but was never briefed and therefore not

8

ruled on by the court of appeals.

Petitioner raised this issue in his 2002 MAR. (Claim 1, Pet.'s 2002 MAR). The MAR court summarily adjudicated and denied it by stating "this Court finds that the Defendant shows no valid claim for any relief . . . ." Such a summary dismissal is consider an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc), cert. denied, 534 U.S. 830 (2001). As set forth below, the state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

As stated previously, the established Supreme Court precedent governing ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Petitioner does not present any evidence or argument that the issue he alleges his appellate counsel should have briefed would have been successful. The mere fact that his counsel included this issue in his initial points of error is insufficient to establish ineffective assistance. Honing down potential arguments to exclude weaker ones is the hallmark of effective appellate advocacy. See Jones v. Barnes, 463 U.S. 745, 751 (1983). Consequently, Petitioner has failed to carry his burden to establish that his appellate counsel was ineffective and thus he has failed to establish that the MAR court's ruling was contrary to or an unreasonable application of clearly established law set forth by the Supreme Court.

### 3. Hybrid Anders and Non-Anders Brief

Petitioner alleges that his appellate counsel was ineffective for attempting to file a hybrid Anders brief and non-Anders brief.

Petitioner raised this issue in his 2004 MAR. The court of appeals summarily denied his MAR. A summary dismissal is consider an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc), cert. denied, 534 U.S. 830 (2001). As set forth below, the state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

Again, the established Supreme Court precedent governing ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it

fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Petitioner has not established the requisite prejudice prong. With regard to Petitioner's counsel's request that the court "review the record herein for any further errors in this matter," the court of appeals observed that "[t]he submission . . . of isolated 'Anders issues' for the appellate court to research is not a viable course of action." Petitioner fails to specify, nor can this Court devise, how he was prejudiced by his counsel's inclusion of an Anders issue in the appellate brief. Consequently, while Petitioner's appellate counsel's decision to include an Anders claim in the appellate brief was improper there is no indication whatsoever that such inclusion in any manner prejudiced Petitioner. Consequently, Petitioner has failed to establish that the MAR court's ruling was contrary to or an unreasonable application of clearly established law set forth by the Supreme Court.

**4. Failure to Challenge Lack of Habitual Felon Colloquy on Appeal**

Petitioner alleges that his appellate counsel was ineffective for failing to challenge the lack of a colloquy by the trial court with regard to his habitual felon guilty plea. For the reasons set forth previously, at a minimum Petitioner suffered no prejudice as a result of his counsel's failure to raise this issue. Consequently, his ineffective assistance of counsel claim fails.

### E. UNILATERAL ALTERING OF HIS SENTENCE

Petitioner alleges that his due process rights were violated when the State unilaterally altered his sentence and judgment. In support of his contention Petitioner asserts that his July 9, 2003, resentencing judgment was substantively changed without notice or opportunity to respond. Petitioner asserts that he raised this claim in his pro se MAR which he filed in the North Carolina Court of Appeals on November 21, 2003. Petitioner fails to mention that the North Carolina Court of Appeals noted that Petitioner had counsel and could not file motions on his own behalf and therefore dismissed his MAR without prejudice to refile it through his appointed appellate counsel. When appellate counsel filed a MAR on Petitioner's behalf, no due process claim regarding his resentencing judgment was included. Thus, this issue has never been properly presented to the state court. As such, Petitioner's present claim is procedurally defaulted pursuant to N.C.G.S. § 15A-1419(a)(3) and (b). The procedural default rule of § 15A-1419(a) and (b) is an adequate and independent state ground precluding habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert. denied, 525 U.S. 1155 (1999). Consequently, Petitioner has procedurally defaulted this claim.

A petitioner may overcome a finding of procedural default by showing cause for the default and actual prejudice arising from the asserted constitutional error. See Breard v. Pruett, 134 F.3d 615, 620 (4th Cir.), cert. denied, 523 U.S. 371 (1998). Petitioner, again, asserts ineffective assistance of counsel in an attempt to establish cause for his procedural default. He fails in his attempt, however, because at a minimum he did not suffer any prejudice. As a matter of law Petitioner's habitual felon sentence had to be imposed consecutively to any other sentences he was then obligated to serve. See N.C.G.S. § 14-7.6. The language of this statute

does not permit judicial discretion. Because his habitual felon sentence had to run consecutively he could not receive pre-trial credit off of his consecutive habitual felon sentence while he was obligated to serve another unrelated sentence. N.C.G.S. § 15-196.2. Consequently, Petitioner has failed to establish cause and prejudice for his procedural default of this claim

**IT IS, THEREFORE, ORDERED** that:

1) Respondent's Motion for Summary Judgment is GRANTED; and

2) Petitioner's Petition for a Writ of Habeas Corpus is DENIED.

Signed: June 28, 2006

Graham C. Mullen
United States District Judge